# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:99-CR-170 |
| ) | |
| SHUN D. DRAYTON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition for Modification of Supervised Release, filed by Defendant, Shun D. Drayton, on December 14, 2005. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On November 9, 1999, Defendant, Shun D. Drayton, pled guilty to one charge of distributing crack cocaine, in violation of Title 21 U.S.C. section 841(a)(1). Defendant was sentenced to a 70-month term of imprisonment, to be followed by a 3-year term of supervised release. Defendant has served his full term of imprisonment and is no longer incarcerated. According to Defendant, he has now served approximately 33 months of the imposed 3-year term of supervised release. In the instant motion Defendant requests the Court to

terminate the remaining term of supervised release pursuant to Title 18 U.S.C. section 3583(e)(1).

DISCUSSION

Title 18 U.S.C. section 3583(e)(1) provides that a Court may terminate a term of supervised release and discharge the defendant released, after considering:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)   the need for the sentence imposed—
            \* \* \*
        (B)   to afford adequate deterrence to criminal conduct;
        (C)   to protect the public from further crimes of the defendant; and
        (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
            \* \* \*
    (4)   the kinds of sentence and the sentencing range established for—
        (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
            (i)   issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to ay amendments made to such guidelines by act of Congress (regardless of whether such amendment have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
            (ii)   that, except as provided in

section 3742(g), are in effect on the date the defendant is sentenced; or
  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentenced disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Here, Defendant seeks termination of the remaining term of supervised release based upon his recent accomplishments. Professionally, he has apparently graduated barber college and is

employed as a barber.  He has also received a chauffeur license and is seeking employment in that area as well.  Personally, he became married in 2004 and is an active member of a Baptist church.

The Court is quite impressed with Defendant's personal and professional accomplishments and can only hope that Defendant continues these ventures in the future.  However, these factual predicates—no matter how impressive—do little to persuade the Court that section 3583(e)(1) should be employed.  In fact, Defendant does not explain how or why these circumstances would warrant the termination of his supervised release via section 3583(e)(1).  This is of little consequence, however, as, according to Defendant's representations, the imposed term of supervised release will soon be terminated.

**DATED:  June 28, 2006**          **/s/RUDY LOZANO, Judge**
                                   **United States District Court**